435 So.2d 154 (1983)
Gary Johnson LEWIS
v.
STATE.
4 Div. 113.
Court of Criminal Appeals of Alabama.
March 1, 1983.
On Return to Remand May 31, 1983.
Rehearing Denied July 5, 1983.
*155 Gary Johnson Lewis, pro se.
Charles A. Graddick, Atty. Gen., and William D. Little, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
This is an appeal from the denial of a petition for writ of error coram nobis.
Lewis was convicted of a capital offense in 1979 and received life imprisonment without parole. He testified that his petition is based on "error, mistakes made in the case." Lewis alleges that his court appointed counsel failed to appeal his conviction as he said he had; that the 1975 death penalty act is unconstitutional; and that the State did not prove a prima facie case of robbery where the indictment charged an intentional killing during the commission of a robbery. Lewis denied that his conviction was based on his guilty plea.
At the hearing, Lewis was the only witness. Consequently, it is not surprising that all the testimony supports his allegations. The court below made no finding of facts and therefore, on the record, Lewis's allegations are undisputed and uncontroverted.
The judge who presided over Lewis's trial was also the judge who conducted the hearing on the petition. It appears that this judge has some personal knowledge of the underlying facts of this case which does not appear in the record. This Court cannot take judicial notice of such knowledge which is without supporting evidence. For this reason and in order to forestall any future litigation of the issues raised in the petition, we remand this cause with directions to the circuit judge who heard the petition and who presided over Lewis's trial to set forth his reasons for denying the petition for writ of error coram nobis. The judge's personal knowledge which disputes Lewis's allegations or his belief that Lewis is not credible will supply adequate and proper grounds for denying the petition for writ of error coram nobis. Holsclaw v. State, 429 So.2d 1185 (Ala.Cr.App.1983). Of particular concern to this Court are the circumstances of the undisputed fact that appointed counsel did not appeal Lewis's 1979 conviction.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
On remand a hearing was held and the trial judge made findings of fact as requested by this Court. Those findings are detailed and show without question that Lewis intelligently, knowingly and voluntarily entered a guilty plea to a capital offense in exchange for a sentence of life imprisonment without parole. The transcript of that guilty plea is part of the trial court's response to our order of remand.
Lewis's trial attorney, Honorable Bob Faulk, testified that no appeal was taken because if Lewis was ever retried "he would be sentenced to die in the electric chair." Faulk stated that he had "never seen a case stronger for the State, with absolutely no possibility of a defense." Faulk's testimony fully confirms the findings of the trial judge that "Mr. Faulk at all times represented petitioner in a skilled and competent manner."
We need not further detail the extensive findings of fact made by the trial judge other than to recognize that he did not find Lewis to be credible.
We have reconsidered the allegations of Lewis's petition for writ of error coram nobis. Based on the testimony of his trial attorney and the findings of fact made by the trial judge, we find these allegations to be without any basis or support except in Lewis's own mind and imagination and there only in capricious fantasy.
The judgment of the circuit court denying the petition is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.