The petitioner, Earnest James Sturdivant, was convicted of the charge of second degree robbery in the Circuit Court of Dallas County, Alabama, on May 5, 1982. He filed a petition for a writ of error coram nobis on May 17, 1983, alleging that he was denied the effective assistance of counsel due to the failure of his court-appointed attorney to file a timely notice of appeal. The trial court denied that petition. Sturdivant appealed that denial to the Alabama Court of Criminal Appeals on September 29, 1983, and that court affirmed the trial court's judgment, without opinion. 443 So.2d 69. After the Court of Criminal Appeals denied his application for a rehearing, Sturdivant petitioned this Court for a writ of certiorari. We granted the writ to determine whether the Court of Criminal Appeals erred in affirming the trial court's judgment.
At the coram nobis hearing in the trial court, Sturdivant testified that he was first represented by Ed Greene. When Greene returned to his position as chief deputy district attorney of Dallas County, Robert Blair became Sturdivant's lawyer. Sturdivant testified that, after his conviction, Blair visited him at the county jail and Sturdivant told him to appeal his conviction.
Blair testified that he and Sturdivant on several occasions after the trial talked about taking an appeal. He further stated that he informed Sturdivant that "the possibility of a successful appeal was very slim at best," and, therefore, he discouraged his client from taking an appeal. He also advised his client to the effect that, if he should succeed on appeal, he would probably be retried and could possibly be convicted of the more serious offense of robbery in the first degree. The State's brief indicates that Blair thought that an appeal would be frivolous because, in his opinion, no error had been committed. Additionally, during the last conversation which Blair had with Sturdivant prior to the expiration of the time for appeal, Sturdivant indicated that he would "go and build his time and get it over with." Subsequently, Sturdivant told Blair he wanted to appeal, and Blair told him the time for appeal had run out.
Sturdivant asserts that he was denied the effective assistance of counsel because Blair failed to comply with the requirements of Anders v. California, 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In Anders, the Court addressed the "extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." Anders had been convicted of the felony of possession of marijuana and subsequently sought to appeal. He moved that the California District Court of Appeal appoint counsel for him. The court granted that motion, and the attorney filed a no-merit letter in the appellate court, stating:
 "I will not file a brief on appeal as I am of the opinion that there is no merit to the appeal. I have visited and communicated with Mr. Anders and have *Page 1212 
explained my views and opinions to him. . . . [H]e wishes to file a brief in this matter on his own behalf."
Anders then asked for the appointment of another attorney, but the court denied that request, so Anders filed his brief prose. After the State had filed its brief, Anders filed a reply brief, following which the District Court of Appeal affirmed the conviction. The United States Supreme Court granted certiorari after the Supreme Court of California and the District Court of Appeal denied Anders's petition for a writ of habeas corpus.
The United States Supreme Court reversed and remanded the cause, stating:
 "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." (Footnote omitted.) Anders, supra, 386 U.S. at 744, 87 S.Ct. at 1400.
In Alabama, state law requires the appropriate appellate court to proceed to a decision on the merits. Code of 1975, §12-22-130, provides:
 "A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the supreme court or court of criminal appeals may appeal from the judgment of conviction to the appropriate appellate court."
Applying Anders to Alabama practice, once counsel has complied with the requirements of that case, the Court of Criminal Appeals may grant counsel's request to withdraw, but must appoint substitute counsel to argue the appeal for the indigent.
In the case at bar, the requirements of Anders were not followed. Sturdivant's statement that he would "go and build his time" did not necessarily mean that he did not wish to contemporaneously proceed with the appeal; thus his counsel was not relieved of his duty to either appeal the conviction or to withdraw from the case after following the guidelines ofAnders. Due to this inadvertent failure, Sturdivant was denied the procedure set forth in Anders and, therefore, the trial court should have granted Sturdivant's petition. It also follows that the Court of Criminal Appeals erred in affirming that denial.
Accordingly, we have no option but to follow the mandate of the Anders opinion and, therefore, we must reverse the judgment of the Court of Criminal Appeals and remand this cause to that court with directions to allow petitioner an out-of-time appeal. See Longmire v. State, 443 So.2d 1265 (Ala. 1982). It is so ordered.
REVERSED AND REMANDED.
All the Justices concur. *Page 1213