BOWEN, Presiding Judge,
dissenting.
I dissent from the opinion reversing the judgment of the circuit court and remanding this cause for an evidentiary hearing on the petition for writ of error eoram nobis.
Hines’ conviction for the possession of burglar’s tools (Alabama Code 1975, § 13A-7-8) was affirmed by this Court *51 without published opinion. Hines v. State, 453 So.2d 7 (Ala.Cr.App.1984).
In his petition, Hines argues that he was denied a speedy trial and that he was denied the effective assistance of counsel at trial. His dissatisfaction with his appellate counsel is asserted for the first time in his reply brief filed before this Court in this appeal. The majority disposes of the speedy trial issue and holds that Hines is entitled to an evidentiary hearing on the assistance of counsel issue. With regard to that issue, Hines alleges in his petition that trial counsel was ineffective because counsel (1) mentioned Hines’ criminal record in his opening remarks to the jury, (2) failed to object “to the prosecution prejudicial inference” that the pliers were used in a burglary, (3) did not object to a single question asked by the prosecution, (4) failed to object to the prosecutor’s comments on his “prior and present offenses as offenses ... without establishing a predicate”, (5) did not object to the use of the prior felony convictions at the sentencing hearing, (6) did not move to dismiss the indictment for the denial of a speedy trial, and (7) failed to move for a directed verdict of acquittal.
A review of the trial record, which is attached to the petition as Exhibit G, reveals that counsel’s conduct did not so undermine the proper functioning of the adversary process that the trial cannot be relied on as having produced a just result. That is the test for determining the effectiveness of counsel under Strickland v. Washington, 466 U.S. _, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The circuit judge who denied the coram nobis petition was the same judge who presided over Hines’ trial. In his order denying the petition, that judge found that counsel was not ineffective:
“This matter having been presented to the Court on the ‘Petition for a Writ of Error Coram Nobis’ filed by the petitioner herein the 7th day of May, 1984, and the Court having considered the allegations of said petition, and having considered the pleadings and documents on file, as well as the evidence which was presented at petitioner’s trial, the Court finds that the defendant was not denied his right to a speedy trial and that his attorney did not deny him his right to effective assistance of counsel, and in fact diligently defended said petitioner, it is therefore
“ORDERED that the petition filed herein on May 7, 1984, be and the same hereby is DENIED.”
A judge’s stated personal knowledge concerning the allegations of the petition may furnish an adequate and proper ground for denying the petition. Lewis v. State, 435 So.2d 154, 155 (Ala.Cr.App.1983).
Had not the circuit court made these specific findings, Hines would have been entitled to an evidentiary hearing. Stephens v. State, 420 So.2d 826 (Ala.Cr.App.1982). Here, the trial judge has made a factual determination that the petition is without merit. I would affirm the judgment of the circuit court.