480 So.2d 18 (1985)
Homer Gene DAWSON
v.
STATE.
8 Div. 304.
Court of Criminal Appeals of Alabama.
July 2, 1985.
On Return to Remand October 8, 1985.
Rehearing Denied November 12, 1985.
*19 Homer Gene Dawson, pro se.
Charles A. Graddick, Atty. Gen., for appellee.
BOWEN, Presiding Judge.
This is an appeal from the denial of a pro se petition for writ of error coram nobis.
Dawson was convicted of attempted theft of property in 1983 and sentenced to fifteen years' imprisonment as a habitual offender. Dawson alleges that he was (1) denied the effective assistance of counsel, (2) denied his right to appeal, and (3) was convicted on insufficient evidence. The circuit court granted the District Attorney's motion and dismissed the petition without a hearing.
In his petition, Dawson specifically alleges that his "attorney assured him that his case was being appealed, and petitioner has only lately found out his appeal was not perfected by his attorney. Petitioner did, and does want an appeal in his case and has made this known to his attorney and in open court, as a matter of record." The petition is verified. The State's motion to strike does not deny or contest this allegation of fact. Therefore, those facts as set out in the petition must be accepted as true. Ex parte State (Re: Williams v. State), 461 So.2d 1339 (Ala.1984) (Torbert, C.J., concurring specially).
The petition is meritorious on its face. Ex parte Sturdivant, 460 So.2d 1210 (Ala.1984), cert. denied, ___ U.S.___, 105 S.Ct. 1391, 84 L.Ed.2d 781 (1985); Ex parte State (Re: Longmire v. State), 443 So.2d 1265 (Ala.1982). The improper denial of a defendant's constitutional rights to appeal or to the effective assistance of counsel on appeal constitutes proper grounds for coram nobis. Sturdivant, supra; Longmire, supra.
In his order, the circuit judge stated that he denied the petition "after consideration of the file herein and further of the jury trial over which the undersigned Judge presided." While a judge's personal knowledge may supply adequate and proper grounds for denying a coram nobis petition, the substance of that knowledge and the judge's reasons for denying the petition must be stated in the record. Lewis v. State, 435 So.2d 154 (Ala.Cr.App.1983).
This cause is remanded with directions to the circuit judge who heard the petition and who presided over Dawson's trial to set forth the reasons why Dawson's appeal was not perfected. If that circuit judge does not have such knowledge, or if such is disputed, Dawson must be afforded an evidentiary hearing at which he is given the opportunity to prove the allegations of his petition.

REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
On remand, the circuit court held an evidentiary hearing at which Dawson was present and represented by retained counsel. At this hearing, one of Dawson's two retained trial attorneys testified. The written findings of the circuit judge reflect that one of Dawson's attorneys advised him of his right to appeal and that the trial judge advised Dawson of this same right on two separate occasions: on sentencing and in overruling Dawson's motion for new trial. There was nothing to show that Dawson *20 ever attempted to exercise his right of appeal.
After having been informed of his right to appeal, Dawson elected to do nothing. By not exercising that right, he waived it. That waiver bars his belated attempt to seek an "out-of-time" appeal. Longmire v. State, 443 So.2d 1265 (Ala. 1982), applies only where the defendant was denied an appeal through no fault of his own.
The judgment of the circuit court denying Dawson's coram nobis petition is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.