914 P.2d 1378

**Eric CARVALHO, Petitioner–Appellant,**

v.

**STATE of Hawai'i, Respondent–Appellee.**

**STATE of Hawai'i, Plaintiff,**

v.

**Eric CARVALHO, Defendant.**

No. 17387.

Intermediate Court of Appeals of Hawai'i.

April 12, 1996.

Keith Tanaka (Matthew N. Padgett and Elizabeth B. Padgett; Padgett and Padgett, of counsel, on the brief), Wailuku, Maui, for petitioner-appellant.

Robert K. Kekuna, Jr., Deputy Prosecuting Attorney, County of Maui, on the brief, Wailuku, Maui, for respondent-appellee.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

WATANABE, Judge.

The sole issue presented by this appeal is whether Petitioner–Appellant Eric Carvalho (Petitioner) was entitled to an evidentiary hearing on his Hawai‘i Rules of Penal Procedure (HRPP) Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release [Him] from Custody (Petition). The second circuit court, concluding that the grounds for post-conviction relief alleged in the Petition were "patently frivolous or without trace of support either in the record or from other evidence submitted by the Petitioner," held that HRPP Rule 40(f)[1] did not require a hearing under such circumstances and summarily denied the Petition.

We conclude that at least two colorable grounds for relief were alleged in the Petition and a hearing on the Petition was therefore required. Accordingly, we vacate the second circuit court's August 6, 1993 decision and order denying the Petition and remand for proceedings consistent with this opinion.

## I. BACKGROUND

### A. *Criminal No. 85–0384(1)*

On August 8, 1985, Petitioner was indicted on two counts of Promotion of a Dangerous Drug in the First Degree, in violation of Hawai‘i Revised Statutes (HRS) § 712–1241(1)(b) (1985).[2] A deputy public defender (trial counsel) was subsequently appointed to represent him.

Petitioner's trial on both counts commenced before the second circuit court on

---

1. Hawai‘i Rules of Penal Procedure (HRPP) Rule 40(f) (1995) provides, in relevant part, as follows: If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.

2. Hawai‘i Revised Statutes (HRS) § 712–1241 (1985) provided, in relevant part:

**Promoting a dangerous drug in the first degree.** (1) A person commits the offense of promoting a dangerous drug in the first degree if [the person] knowingly:

\* \* \* \* \* \*

(b) Distributes:
(i) Fifty or more capsules, tablets, ampules, dosage units, or syrettes containing one or more dangerous drugs; or
(ii) One or more preparations, compounds, mixtures, or substances of an aggregate weight of:
(A) One-eighth ounce or more, containing heroin, morphine, or cocaine or any of their respective salts; or
(B) One-half ounce or more, containing any other dangerous drug[.]

January 13, 1986. On the second day of trial, after the State had rested its case, Petitioner's trial counsel orally moved for a mistrial based upon allegedly improper remarks by the State in its opening argument.[3] Petitioner was not present when the circuit court conducted an *in camera* hearing on the motion. However, his trial counsel represented to the court that Petitioner had consented to the hearing being conducted in his absence. Neither the State nor Petitioner presented any evidence or testimony at the hearing, and the court, after hearing arguments by both counsel, denied Petitioner's motion.

During trial, Petitioner's trial counsel presented no evidence or witnesses in support of Petitioner's defense. In his closing argument, trial counsel argued the defense of entrapment, that an undercover police officer had induced Petitioner into selling drugs.

On January 14, 1986, the jury returned a verdict finding Petitioner guilty as charged. By a judgment filed on April 14, 1986, the circuit court sentenced Petitioner to a maximum of twenty years' imprisonment on each count, the terms to run concurrently, with a mandatory minimum of five years' imprisonment on each count. The court also ordered Petitioner to serve this sentence consecutively with his sentence of ten years' imprisonment, imposed in Criminal Nos. 85-0065(2) and 85-0169(2).[4]

The time for filing an appeal from the judgment of Petitioner's conviction lapsed on May 14, 1986.[5] On June 2, 1986, more than two weeks after the appeal deadline, the circuit court received a letter from Petitioner, postmarked May 30, 1986, stating that he had no attorney and inquiring about the procedure for filing an appeal. In reply, the court informed Petitioner that his letter had been referred to his trial counsel.

Despite Petitioner's interest in filing an appeal, his trial counsel, who, pursuant to HRS § 802-5 (1993),[6] was required to represent Petitioner on appeal, did not file a motion to extend time to file a notice of appeal[7] or seek to perfect an appeal on Petitioner's behalf. On July 14, 1986, however, Petitioner's trial counsel did file, pursuant to HRPP Rule 35, a motion for reduction of Petitioner's sentence, which the circuit court subsequently denied.

### B. *Special Proceeding Prisoner No. 93-0005*

On October 31, 1990, Petitioner filed a motion in the second circuit court, seeking an order waiving the cost of transcripts in Criminal No. 85-0384(1). In an affidavit in support of his motion, Petitioner explained that he planned to file a petition for relief from his conviction in Criminal No. 85-0384(1) and needed a copy of all transcripts in the case "[i]n order to make a well informed presenta-

---

3. Neither Petitioner–Appellant Eric Carvalho (Petitioner) nor the State requested that the trial transcripts in Criminal No. 85-0384(1) be included in the Record on Appeal. For this reason, we find it necessary to draw some of the uncontested facts from Petitioner's Opening Brief and the State's Answering Brief.

4. On September 12, 1985, Petitioner was sentenced in Criminal No. 85-0065(2), Burglary in the Second Degree and Theft in the First Degree, and Criminal No. 85-0169(2), Robbery in the Second Degree and Theft in the First Degree, to ten years' imprisonment.

5. Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(b) (1995) provides, in relevant part, as follows:
 In a criminal case, whether the appeal is one of right or is an interlocutory appeal, the notice of appeal by a defendant shall be filed in the circuit or district court within 30 days after the entry of the judgment or order appealed from.

6. HRS § 802-5 (1993) provides, in pertinent part, that "[w]hen it shall appear to a judge that a person requesting the appointment of counsel satisfies the requirements of this chapter [relating to legal services for indigent criminal defendants], the judge shall appoint counsel to represent the person at all stages of the proceedings *including appeal*, if any." (Emphasis added.)

7. Pursuant to HRAP Rule 4(b), a notice of appeal from a judgment by a defendant in a criminal case "shall be filed in the circuit or district court within 30 days after the entry of the judgment or order appealed from." However, "[u]pon a showing of excusable neglect or good cause the circuit or district court may, no later than 30 days after the time has expired, on motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision (b)."

tion of the facts surrounding the conviction, and the cause of action leading to a reversal of the instant conviction[.]" Although the circuit court immediately granted the order, Petitioner apparently never ordered and, consequently, never received the transcripts.

On March 30, 1993, Petitioner filed his Petition *pro se*, using what appears to be a pre-printed Form Petition for Post–Conviction Relief. Item 12 of the pre-printed form instructed Petitioner to state concisely, on the blank lines provided, every ground on which he claimed that he was being held unlawfully, and to summarize briefly the facts supporting each ground.

Petitioner hand printed on the blank lines the following grounds and facts in support of his Petition:

A. Ground one: PETITIONER WAS DENIED THE RIGHT TO BE PRESENT AT ALL STAGES OF THE TRIAL ON 1–14–86.

Supporting FACTS ...: I DID NOT CONSENT TO COUNSEL AT TRIAL TO NOT BE PRESENT DURING THE LEGAL ARGUMENT FOR MISTRIAL ON 1–14–86. AN ACCUSED HAS A RIGHT TO BE PRESENT AT ALL STAGES OF THE TRIAL, SEE, *SNYDER vs. MASSACHUSETTS*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674.

B. Ground two: I WAS DENIED MY RIGHT TO APPEAL MY CASE TO THE SUPREME COURT FOR THE STATE OF HAWAII [HAWAIʻI].

Supporting FACTS ...: I REQUESTED [TRIAL COUNSEL] TO DO MY APPEAL AND HE IGNORED MY REQUEST. SIMILARLY, COUNSEL MUST BE APPOINTED TO GIVE INDIGENT INMATES "A MEANINGFUL APPEAL". *DOUGLAS vs. CALIFORNIA* [372 U.S. 353], 83 S.Ct. 814 [9 L.Ed.2d 811] (1963).

C. Ground three: I TOLD COUNSEL OF RECORD THAT I WANTED JOHN KAIMIMOKU AS A WITNESS, YET IT WAS IGNORED.

Supporting FACTS ...: IT IS THE ACCUSED, NOT COUNSEL WHO MUST BE ACCORDED "COMPULSORY PROCESS FOR OBTAINING ANY WITNESSES IN HIS FAVOR, SEE, *FARETTA vs. CALIFORNIA* [422 U.S. 806, n. 4–6, at 818], 95 S.Ct. 2525, n. 4–6, at 2533 [45 L.Ed.2d 562] (1975).

D. Ground four: PETITIONER HAS BEEN DENIED ADEQUATE, EFFECTIVE, AND MEANINGFUL ACCESS TO THE HIGHER COURTS.

Supporting FACTS ...: I WANTED EVERYTHING OBJECTED TO DURING TRIAL TO BE ADDRESSED ON APPEAL. [TRIAL COUNSEL], THE COURTS, AND THE PRISON HAVE OBSTRUCTED PETITIONERS [sic] ACCESS. SEE, *STORSETH v. SPELLMAN*, 654 F.2d 1349 ( [9th Cir.] 1981). IT IS THE STATE'S BURDEN TO PROVIDE MEANINGFUL ACCESS TO THE COURTS. PRISON RULE 17–201–8(11) PROHIBIT [sic] INMATES FROM HELPING EACH OTHER. YET, SEE, *JOHNSON v. AVERY*, 393 U.S. 483, 89 S.Ct. 747 [21 L.Ed.2d 718] (1969).

On August 6, 1993, more than six years after sentencing Petitioner in Criminal No. 85–0384(1), the circuit court, without holding a hearing, issued a decision and order determining that the Petition "present[ed] claims that are patently frivolous or without trace of support either in the record or from other evidence submitted by Petitioner" and denied the Petition. In its decision and order, the court explained essentially as follows:

**As to Ground 1.** Because Petitioner's motion for mistrial was based on a legal argument, Petitioner's presence at the hearing on the motion was not required by HRPP Rule 43(c)(3).[8] Moreover, Petitioner's trial counsel had represented on the record that Petitioner had consented to the motion being heard without his presence and Petitioner thus waived his right to be present at the hearing. Even if Petitioner had a constitutional right to be present at the hearing, any violation of his right was harmless error.

---

**8.** HRPP Rule 43(c) provides, in relevant part, that "[a] defendant need not be present in the following situations: ... (3) at a conference or argument upon a question of law[.]"

**As to Ground 2.** An appellate counsel has discretion in determining whether or not a conviction should be appealed, and a court will not "police an attorney's strategical decision not to appeal a conviction absent a showing of meritorious issues to be raised. . . . Neither a review of the trial record nor Petitioner's Rule 40 motion raises any meritorious issues of which the failure to raise on appeal would have surmounted to ineffective assistance of counsel. The fact that [trial counsel's] post-conviction assistance consisted of a motion to reduce or correct sentence rather than appeal does not amount to ineffective assistance of counsel."

**As to Ground 3.** "The decision to call certain witnesses at trial is a tactical and strategical matter within the discretion of trial counsel, and will rarely be second-guessed by judicial hindsight. . . . In order to assert a constitutional violation, it is incumbent upon Petitioner to adequately show that the testimony denied him would have been helpful to him. . . . Nothing in the trial record nor in the Petitioner's motion establishes how John Kaimimoku's testimony would have been material, favorable or helpful to Petitioner. Nor does the record reflect any errors or flawed decisions on [trial counsel's] part in determining that Kaimimoku was not a witness worth calling."

**As to Ground 4.** "Neither the trial record or any other evidence submitted by the Petitioner establishes any obstructions or impediments between the Petitioner and his legal access to the courts."

This timely appeal from the circuit court's decision and order followed.

## II. DISCUSSION

### A. *The HRPP Rule 40 Hearing Requirement*

■ The general rule is that a trial court must hold an evidentiary hearing on an HRPP Rule 40 petition for post-conviction relief whenever the petition states a colorable claim for relief. *Dan v. State,* 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994). To establish a colorable claim, a petitioner must allege facts that, if taken as true, would change the verdict. *Id.*

■ On appeal, a trial court's denial of an HRPP Rule 40 petition without a hearing is "reviewed *de novo* for a determination of whether the files and records of the case conclusively show that petitioner is entitled to no relief." *Id.* In other words, the appellate court "steps into the trial court's position, reviews the same trial record, and redecides the issue" of whether the Petition made "no showing of a colorable claim." *Id.*

### B. *The Alleged Grounds for Relief*

Petitioner contends on appeal that the following three grounds for relief which were stated in his Petition were colorable claims, entitling him to a hearing: (1) the denial of his right to effective assistance of counsel at trial because his trial counsel failed to call a particular defense witness to testify; (2) the denial of his right to effective assistance of counsel on appeal because his trial counsel failed to appeal his conviction; and (3) the deprivation of his constitutional and statutory right to be present at all stages of his trial because the circuit court held a hearing on his motion for mistrial without his presence.

We agree with the circuit court's conclusion that ground 3 presented no colorable claim for relief. We conclude, however, that grounds 1 and 2 presented colorable claims for relief and entitled Petitioner to an evidentiary hearing on these claims.

### 1. *Petitioner's Claim That He Received Ineffective Assistance of Counsel at Trial*

■ The applicable standard for assessing claims of ineffective assistance of counsel is whether, when viewed as a whole, the assistance provided by defense counsel was " 'within the range of competence demanded of attorneys in criminal cases.' " *Dan* at 427, 879 P.2d at 532 (quoting *State v. Antone,* 62 Haw. 346, 348, 615 P.2d 101, 104 (1980)).

General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry. Specific actions or omissions alleged to be error but which had an obvious tactical basis for *benefitting* the defendant's case will not be subject to further scrutiny. If, however, the action

or omission had no obvious basis for benefitting the defendant's case *and* it "resulted in the withdrawal or substantial impairment of a potentially meritorious defense," then [it] ... will be evaluated as ... information that ... an ordinary competent criminal attorney should have had.

*Dan* at 427, 879 P.2d at 532 (quoting *Briones v. State,* 74 Haw. 442, 462–63, 848 P.2d 966, 976 (1993)) (emphases in original).

 The determination of whether alleged errors or omissions of a petitioner's counsel impaired a potentially meritorious defense "requires an evaluation of the possible, rather than the probable, effect of the defense on the decision maker." *Id.* at 427, 879 P.2d at 532 (citation omitted). In other words, a colorable claim for post-conviction relief is stated, as long as the alleged failings of the trial counsel "*could have had* a direct bearing on the ultimate outcome of the case." *Briones,* 74 Haw. at 465, 848 P.2d at 977 (emphasis in original). No showing of actual prejudice to a petitioner's defense is required in order to state a colorable claim of ineffective assistance of counsel. *Id.*

A Rule 40 petitioner must, however, at least alert the trial court to the general issue that is the basis of his or her claim of ineffective assistance of counsel. *Stanley v. State,* 76 Hawai'i 446, 450, 879 P.2d 551, 555 (1994). For example, a general allegation that "[t]he direction I had sought to pursue my counsel wouldn't consider, which I felt would have gained my freedom[,]" is insufficient to state a colorable claim for post-conviction relief. *Id.* at 449–50, 879 P.2d at 554–55. On the other hand, if a petition indicates the general basis for a claim of ineffective assistance of counsel, it should not be summarily denied for failure to state the specific factual allegations relevant to the claim. Instead, pursuant to HRPP Rule 40(e),[9] the petitioner should be given an opportunity to clarify the petition. *Garringer v. State,* 80 Hawai'i 327, 335–36, 909 P.2d 1142, 1150–51 (1996).

 In this case, Petitioner alleged generally that his trial counsel was ineffective for

failing to call John Kaimimoku (Kaimimoku) as a defense witness. The Petition does not indicate how Kaimimoku's testimony would have been material, favorable, or helpful to Petitioner. However, Petitioner's defense at trial was that he had been entrapped into committing the offenses for which he was charged, and the record on appeal indicates that it was Kaimimoku who introduced Petitioner to the undercover police officer involved in the drug transactions which led to Petitioner's arrest. Additionally, Kaimimoku had been listed by Petitioner's trial counsel as a potential trial witness. Because Kaimimoku's testimony could "possibly" have bolstered Petitioner's entrapment defense and affected the outcome of Petitioner's trial, we conclude that Petitioner's claim that his trial counsel was ineffective for not calling Kaimimoku as a witness was not "patently frivolous" or "without a trace of support" in the record or evidence.

We recognize that trial counsel may have had very legitimate tactical reasons for not wanting Kaimimoku to testify and that such tactical decisions "will rarely be second-guessed by judicial hindsight." *State v. Aplaca,* 74 Haw. 54, 70, 837 P.2d 1298, 1307 (1992). The State speculates, for example, that trial counsel decided not to call Kaimimoku as a witness in order to keep information about Petitioner's alleged prior drug dealing from the jury. However, such speculation is not enough to deprive Petitioner of a hearing on his Petition.

### 2. *Petitioner's Claim That Trial Counsel's Failure to File An Appeal Constituted Ineffective Assistance of Counsel*

In his Petition, Petitioner asserted that although he requested his trial counsel "to do [his] appeal" and address "everything objected to during trial," his trial counsel "ignored the request." We conclude that this allegation, on its face, raises a colorable claim for post-conviction relief.

 The Hawai'i Supreme Court has recognized that every criminal defendant who deems himself or herself aggrieved by a

---

9. At the time the Petition was filed in this case, HRPP Rule 40(e) provided, in pertinent part:

No petition shall be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his [or her] petition.

district or circuit court judgment of conviction has a statutory right to file an appeal and a due process and equal protection right to effective assistance of counsel to prosecute that appeal. *Briones,* 74 Haw. at 460, 848 P.2d at 975. Furthermore,

> an indigent criminal defendant is entitled, on his first appeal, to court-appointed counsel who may not deprive him of his appeal by electing to forego compliance with procedural rules. *Entsminger v. Iowa,* 386 U.S. 748 [87 S.Ct. 1402, 18 L.Ed.2d 501] (1966). It has been said that failure by appointed counsel "to commence the simple steps for appeal is a blatant denial of due process". *Blanchard v. Brewer,* 429 F.2d 89 (8th Cir.1970).

*State v. Erwin,* 57 Haw. 268, 270, 554 P.2d 236, 238 (1976). *See Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel in a state criminal case, there has been a discrimination between the rich and the poor which violates the Fourteenth Amendment of the United States Constitution). The supreme court has also acknowledged that the failure of a court-appointed counsel to file a notice of appeal constitutes ineffective assistance of counsel. *State v. Caraballo,* 62 Haw. 309, 313–14, 615 P.2d 91, 95 (1980).

In concluding that Petitioner's claim of ineffective assistance of counsel on appeal was patently frivolous and without support in the record or evidence, the circuit court refused to second-guess trial counsel's reasons for not appealing and speculated, based on its review of the record, that trial counsel had determined that an appeal of Petitioner's conviction would be frivolous.

In *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 *reh'g denied,* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), however, the United States Supreme Court held that

> [t]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client,

as opposed to that of *amicus curiae....* [Counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all proceedings, to decide whether the case is wholly frivolous.

*Id.* at 744, 87 S.Ct. at 1400 (emphasis in original).

Pursuant to HRS § 802–5 (1993),[10] trial counsel was responsible for representing Petitioner through appeal. If Petitioner wished to appeal his conviction, trial counsel was obligated, under *Anders,* to file a timely notice of appeal on Petitioner's behalf and to prosecute the appeal to the best of his ability. Even if trial counsel, after personal and conscientious examination of the record, concluded that such an appeal would be frivolous, he would still be required to file an *"Anders* brief" on Petitioner's behalf before filing a motion to withdraw as Petitioner's counsel. *See, Ex parte Sturdivant,* 460 So.2d 1210 (Ala.1984), *cert. denied, Alabama v. Sturdivant,* 470 U.S. 1027, 105 S.Ct. 1391, 84 L.Ed.2d 781 (1985) (defense counsel's failure to follow *Anders'* mandate deprived defendant of effective assistance of appellate counsel).

Since the record clearly indicates that Petitioner did not waive his statutory right to appeal, and trial counsel did not take any steps to prosecute an appeal on Petitioner's behalf or file an *"Anders* brief," Petitioner's allegation that he was denied effective assistance of counsel on appeal definitely presented a colorable claim for post-conviction relief. *See Harris v. State,* 578 So.2d 617 (Miss. 1991) (petitioner for post-conviction relief who alleged that he was denied his right to

**10.** See footnote 6, *supra.*

appeal through no fault of his own was entitled to a hearing to prove his claims where the petitioner's affidavit stated that he informed his court-appointed attorney that if convicted, he wanted to appeal and the attorney's affidavit in response to the petition fell short of demonstrating an effective waiver); *Mata v. State*, 124 Idaho 588, 593, 861 P.2d 1253, 1258 (Idaho App.1993) (applicant's sworn statement that counsel refused to file an appeal, despite applicant's request, was sufficient to raise a factual issue requiring an evidentiary hearing on applicant's claim that he was denied effective assistance of counsel); *Ricca v. State*, 124 Idaho 894, 865 P.2d 985 (Idaho App.1993) (defendant's post-conviction relief application claiming ineffective assistance of appellate counsel presented genuine issue of material fact precluding summary judgment where question existed whether defendant communicated his intent to appeal to his counsel). It was thus improper for the circuit court to have denied the Petition without a hearing.

### III. CONCLUSION

Based on the foregoing discussion, we hereby vacate the circuit court's August 6, 1993 Decision and Order and remand this case to the circuit court with instructions that the court conduct an evidentiary hearing on Petitioner's Rule 40 Petition for post-conviction relief.

If the circuit court concludes that there is merit to Petitioner's allegation that he was denied effective assistance of counsel at trial, the court shall vacate the April 14, 1986 judgment in Criminal No. 85–0384(1) and order a new trial for Petitioner.

If the circuit court concludes that there is merit only to Petitioner's allegation that he was denied his statutory right to appeal because of the ineffective assistance of his counsel, the court shall *nunc pro tunc* resentence Petitioner upon the previous finding of his guilt and afford him an opportunity to prosecute a timely appeal from his conviction. *See Ex parte Sturdivant, supra; State v. Johnson*, 635 P.2d 36, 38 ·(Utah 1981);

*Boggess v. Morris,* 635 P.2d 39, 41–42 (Utah 1981).