STATE OF HAWAII *v.* PEDRO VERGARA DAMEG.

No. 4796.

SEPTEMBER 30, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE WONG IN PLACE OF KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

Appellant was convicted of carnal abuse of a female under twelve, in violation of R.L.H. 1955, § 309-20, after a jury trial in the first circuit court.

The victim of the offense was 9 years and 10 months old at the time of its commission. At the time of trial, she was 10 years old, and had completed third grade in a public school.

Appellant specifies the following as trial court errors warranting reversal: (1) allowing the child to testify; (2) admitting into evidence his bedroll and undershorts; (3) denying his motion to strike the child's testimony; and (4) denying his motion for acquittal. We see no merit in any of the specifications of error.

The first and third specifications may be considered together. Both relate to the child's competence to testify. Defendant contends that the child was unable to distinguish truth from lies and to understand the questions put to her in simplest words. The record shows otherwise.

Before allowing the child to testify, the court held a voir dire examination at which the prosecutor and defense counsel, as well as the court, questioned her at length to determine her competency. At the conclusion of the examination, the court ruled that the child was competent to testify, and stated that inconsistencies in the answers to questions propounded to her went to credibility and not to competence.

The clerk's minutes show that the examination took about 25 minutes. The report of the examination covers 15 pages of the transcript. In the course of that examination, there were some instances where the child appeared to be confused, and some instances where she was inconsistent in her answers. But, on the whole, she was quite responsive to the questions that were propounded to her.

We cannot say that the court erred in its ruling. The question of the competency of a minor to testify is addressed to the discretion of the trial court, and its ruling on the question may not be disturbed on appeal unless it is clearly erroneous. *State* v. *Hassard, Jr.*, 45 Haw.

221, 227, 365 P.2d 202, 206 (1961); *Territory* v. *Martin,* 39 Haw. 100, 110 (1951); *Territory* v. *Sabado,* 38 Haw. 486, 489 (1950); *Republic of Hawaii* v. *Ah Wong,* 10 Haw. 524, 525 (1896).

With reference to the second specification of error, appellant's contention is that the court erred in admitting his bedroll and undershorts in evidence because those articles had no probative value in the case and their admission served no purpose other than to prejudice him before the jury.

The bedroll was taken from appellant's room by a police officer when he went to investigate a report of carnal abuse of a child. He took it as evidence because he noticed a wet spot on it. The undershorts were taken from appellant in the police cell block. Later these articles were examined by the criminal analyst of the police department, who found seminal stains on both of them.

The trial court did not err in admitting those articles in evidence. The ruling of the court is in accord with *Territory* v. *Henry,* 39 Haw. 296, 298 (1952), where this court held that any evidence "which, when taken alone or in connection with other evidence, affords reasonable inferences upon the matter in issue, or which touches upon the issues in such a way as to enable the jury to draw a logical inference with respect to the principal fact in issue, is relevant and admissible."

In this connection, *State* v. *Bennett,* 158 Me. 109, 179 A.2d 812 (1962), may be mentioned. There, the defendant was convicted of having carnally known a female child of 11 years. On appeal, the court upheld the admission in evidence of a wooden board containing a bloodstain, which was taken from a hen coop where the offense allegedly took place, although there was no positive identification linking the stain to the victim. The court stated:

"The board and its blood stain stood in a milieu

of connected circumstances. * * * The prosecutrix had related that the board had constituted part of the plane surface upon which the crime had been enacted and had sworn that her blood had stained the board's top side. The relation of the board to the trial issue had become by an aggregation of circumstances qualified for jury consideration."

The fourth specification of error that the court erred in denying his motion for acquittal, is predicated on the incompetence of the child to testify and the inadmissibility of the bedroll and undershorts in evidence. In view of our decision that the child was competent to testify and that the bedroll and undershorts were properly admitted in evidence, this specification may summarily be disposed of as being without merit.

Affirmed.

*Francis T. De Mello* for appellant.

*Dennis A. Ing,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, and *Robert E. Teruya,* Deputy Prosecuting Attorney, on the brief), for appellee.