## STATE OF HAWAII, Plaintiff-Appellee, *v.* JAMES F. ANTONE, Defendant-Appellant

NO. 6349

JULY 17, 1980

RICHARDSON, C.J., OGATA, MENOR
AND LUM, JJ., AND RETIRED
JUSTICE KOBAYASHI ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY RICHARDSON, C.J.

Defendant-appellant, James F. Antone (hereinafter "appellant"), was convicted on August 18, 1976 of one count of rape in the first degree in violation of HRS § 707-730(1)(a)(i) (1976) and of one count of sodomy in the first degree in violation of HRS § 707-733(1)(a)(i) (1976). On appeal, he contends that he was denied his constitutional right to the effective assistance of counsel at trial. For the reasons set forth below, we affirm.

The relevant facts of the case are as follows:

On February 14, 1976, the appellant, a bus driver, was operating bus #123 on Route 11 running from Ala Moana Center to Aiea and back to Ala Moana. At approximately 7:00 p.m. he picked up a fourteen-year-old girl, Lisa Cruz, at a bus stop in front of the Small Engine Clinic on Aiea Heights Drive. Except for the driver, the bus was empty at the time. After Lisa boarded, the appellant made no further stops for passengers and drove at an accelerated speed. When he reached the Moanalua area, the appellant turned off the freeway and parked the bus. He briefly stepped outside, re-entered and then approached his sole passenger, Lisa. Offering her money and marijuana, the appellant asked for permission to touch her body. When Lisa refused, the appellant resorted to physical force and, against her will, committed the offenses of

rape and sodomy. After the assault, the appellant resumed driving the bus toward Honolulu. He dropped Lisa off near her home in Liliha warning her that more violence would follow if she failed to keep silent about the incident.

Appellant was represented by private counsel at a jury-waived trial. His defense was that he was not the person who committed the acts of rape and sodomy upon the minor child Lisa Cruz. After two days of testimony offered by fifteen different witnesses, the trial judge held that on the basis of "all the credible evidence" the prosecution had proven all the material elements of the offenses of rape and sodomy and convicted the appellant on both counts. The appellant was thereafter sentenced to twenty years imprisonment.

On appeal, the appellant contends that his counsel's performance at the trial was so incompetent that it deprived him of his right to the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution and Article I, Sec. 14 of the Hawaii Constitution. For this reason, he argues, the judgment below must be reversed and a new trial granted.

The standard for determining the adequacy of counsel's representation is whether, viewed as a whole, the assistance provided is "within the range of competence demanded of attorneys in criminal cases." *State v. Kahalewai*, 54 Haw. 28, 30, 501 P.2d 977, 979 (1972) quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *accord, State v. Rivera*, 62 Haw. 120, 612 P.2d 526 (1980); *State v. McNulty*, 50 Haw. 259, 588 P.2d 438 (1978). Counsel's assistance need not be error-less nor will it be judged ineffective solely by hindsight. *State v. Rivera*, 62 Haw. at 129, 612 P.2d at 532-33.

The burden of establishing ineffective assistance of counsel rests upon the appellant. *State v. McNulty*, 60 Haw. at 269, 588 P.2d at 446. His burden is twofold: First, the appellant must establish specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment or diligence. *State v. Kahalewai*, 54 Haw. at 30, 501 P.2d at 979; *People v. Pope*, 23 Cal.3d 412, 425, 590 P.2d 859, 866 (1979). Second, the appellant must establish that these errors or omissions resulted in either the withdrawal or substantial impairment of a

potentially meritorious defense.[1] *State v. Kahalewai*, 54 Haw. at 32, 501 P.2d at 980; *People v. Pope*, 23 Cal.3d at 425, 590 P.2d at 866. Where an appellant successfully meets these burdens, he will have proven the denial of assistance "within the range of competence demanded of attorneys in criminal cases."

A finding of ineffective assistance of counsel mandates reversal of a defendant's conviction. In *State v. Okumura*, 58 Haw. 425, 431, 570 P.2d 848, 853 (1977), we held that the violation of an accused's constitutional right warrants a presumption of prejudice. Ordinarily, the prosecution is afforded the opportunity to rebut that presumption by proving harmlessness beyond a reasonable doubt. *Id.; State v. Pokini*, 57 Haw 26, 29-30, 548 P.2d 1402, 1405 (1976), *cert. denied* 429 U.S. 963 (1976). The standard for proving ineffective assistance of counsel, however, requires that the appellant establish the substantial impairment or withdrawal of a potential defense. Once that requirement is met, harmlessness beyond a reasonable doubt could never be shown. We therefore conclude that where an appellant establishes the denial of his constitutional right to effective assistance of counsel according to the standard set forth above, his conviction must be reversed.

To prove defense counsel's incompetent representation in the instant case, the appellant points to six alleged trial errors listed below;

1. Defense counsel, without objection, permitted a prosecution witness, Detective Abreu, to testify to prior out-of-court statements made by appellant where the recitation of *Miranda*[2] warnings and waiver had not first been established.

2. Defense counsel failed to object to the introduction in evidence of various articles of clothing belonging to the complainant, where the prosecution had not established an unbroken chain of custody.

---

[1] An accused's potentially meritorious defenses include the assertion of his constitutional rights. State v. Kahalewai, 54 Haw. at 32, 501 P.2d at 980.

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

3. Defense counsel failed to object to the fourteen-year-old complaining witness' competence to testify at trial where she had previously been described by other witnesses as a "slow" child possessing a learning problem.

4. Defense counsel, without objection, allowed a prosecution witness to testify to appellant's previous arrest on a different rape charge.

5. Defense counsel failed to raise any objection to inadmissible hearsay testimony by four State witnesses thereby permitting the complainant's account of the alleged rape to be retold four times.

6. Defense counsel on cross-examination of a State witness elicited testimony revealing that the appellant had taken three separate lie detector tests concerning the February 14, 1976 incident and that all of the test results showed some lines of deception.

We have examined appellant's allegations of error and find that they do not establish ineffective assistance of counsel. The first three alleged errors fail to reflect defense counsel's lack of skill, judgment or diligence. The remaining three fail to indicate the substantial impairment or withdrawal of a potential defense.

To begin, we find without merit appellant's contention that defense counsel negligently permitted Detective Abreu, a State witness, to testify to prior out-of-court statements made by appellant where the recitation of proper *Miranda* warnings and waiver had not first been established. The trial record unequivocally sets forth that before Detective Abreu testified to any out-of-court statements made to her by the appellant, the prosecutor established: 1) that *Miranda* warnings were read to appellant, 2) that appellant initialed each warning and signed the entire document indicating his understanding of his constitutional rights and his willingness to be questioned, and 3) that the document was admitted into evidence.[3] Thus, contrary to appellant's contention, we find

---

[3] Trial Transcript at 102, 103.

that under these circumstances no objection to Detective Abreu's testimony was warranted.

Second, appellant cites as error counsel's failure to object to the admission into evidence of various articles of clothing worn by the complaining witness on the evening of the alleged rape. The appellant argues that an inconsistency in the testimony of the two police officers who handled the pertinent physical evidence reveals a serious gap in the chain of custody and thus provided clear grounds for objection. Officer Shipes, the officer who investigated Lisa's rape complaint, testified first at trial and stated that he maintained possession of Lisa's clothing prior to their transfer to Officer Perkins later that evening. Officer Perkins, on the other hand, testifying later, stated that the complainant, Lisa, rather than Officer Shipes, actually handed the clothing to him. The appellant contends that on the basis of this discrepancy, trial counsel should have objected.

We are not convinced by appellant's argument. The showing of chain of custody has never required that all possibilities of tampering with an exhibit be negated. *State v. Vance*, 61 Haw. 291, 304, 602 P.2d 933, 942 (1979); *State v. Olivera*, 57 Haw. 339, 344, 555 P.2d 1199, 1202 (1976). To the contrary, we have stated that chain of custody is sufficiently established where it is reasonably certain that no tampering took place with any doubt going to the weight of the evidence. *State v. Vance*, 61 Haw. at 304, 602 P.2d at 942. In the instant case, it is undisputed that Lisa removed her clothing and placed them in a paper bag as instructed by Officer Shipes. Accompanied by the officer, she was then taken to the main police station. The paper bag containing the clothing was transferred to Officer Perkins. Whether Officer Shipes handed them over or Lisa did is of little consequence. The uncontradicted sequence of events reveals no hint of substitution, tampering or mistake nor did the appellant raise such allegations. In this context, an objection based on insufficient showing of chain of custody would not have been well taken. "Trial counsel is not required to make futile objections . . . merely to create a record impregnable to assault for claimed inadequacy of counsel." *People v. Jones*, 96 Cal. App.3d 820, 827,

158 Cal. Rptr. 415, 419 (1979); *see also Commonwealth v. Wike,* _____ Pa. Super. _____, 409 A.2d 104, 106 (1979). Thus, in this instance we do not find the absence of objection by trial counsel indicative of counsel's lack of skill, judgment or diligence.

Appellant's third cited error similarly involves counsel's failure to raise an objection. The appellant argues that, in view of the fact that other witnesses had previously described Lisa as "slow" and possessing a learning problem, counsel acted unreasonably in failing to object to the complaining witness' competency to testify. At trial, before Lisa testified, the presiding judge specifically asked defense counsel if there would be any challenge to the witness because of her minority. Defense counsel replied that there would not.

We find that counsel's decision to refrain from objecting constituted a legitimate tactical choice. Defense counsel's tactical decisions at trial generally will not be questioned by a reviewing court. *People v. Pope,* 23 Cal.3d at 424, 590 P.2d at 866. Lawyers require and are permitted broad latitude to make on-the-spot strategic choices in the course of trying a case. A defense attorney's freedom to make such decisions, however, is not without limits. Where trial counsel makes a critical tactical decision which would not be made by diligent, ordinarily prudent lawyers in criminal cases, the right to effective assistance of counsel may be denied. *Id.; Beasley v. United States,* 491 F.2d 687, 696 (6th Cir. 1974). We do not find this to be the case here. The circumstances indicate that in all likelihood the trial court would have found Lisa competent to testify. At the time of the incident and subsequent trial, the complainant Lisa was fourteen years of age. Although unable to read, she had no difficulty understanding or speaking. As the victim and sole witness of the alleged rape and sodomy, Lisa's testimony was essential to establish the crimes charged. Moreover, children much younger and more immature than Lisa have been deemed competent to testify where, as here, the minor witness was the victim of the crime tried. *See, e.g., State v. Dameg,* 51 Haw. 308, 459 P.2d 193 (1969) (ten-year-old victim of carnal abuse allowed to testify); *Territory v. Silva,* 26 Haw. 648 (1922) (seven-year-old child

permitted to testify at trial for indecent assault). Under these circumstances defense counsel's absence of objection does not demonstrate incompetence at trial.[4]

We proceed to consider appellant's remaining three allegations of error. Although we find counsel's performance in the instant case far from commendable, we do not find that the remaining three errors cited caused the withdrawal or the substantial impairment of any potentially meritorious defense possessed by the appellant. Thus, part two of appellant's burden of proof remains unmet.

Appellant's fourth allegation of error charges counsel with failing to object to testimony introduced by the prosecution concerning appellant's prior arrest on a different rape charge. In *State v. Kahinu*, 53 Haw. 536, 498 P.2d 635 (1972), we recognized the potential prejudicial impact upon juries of "irrelevant references to prior arrests" injected by prosecution witnesses. 53 Haw. at 549, 498 P.2d at 643. In the instant case, appellant waived his right to a jury trial. In this context, defense counsel's failure to object to the improper testimony of appellant's prior arrest does not necessarily reflect indiscretion. It is well established that a judge is presumed not to be influenced by incompetent evidence. *Ottman v. State*, _____ Ind. _____, 397 N.E.2d 273, 275-76 (1979); *State v. Brown*, _____ S.D. _____, 285 N.W.2d 843, 845 (1979); McCormick, Evidence § 60 (1972); Annot., 116 A.L.R. 558 (1938). After the improper reference was made, defense counsel in the instant case was faced with the tactical alternative of objecting to the evidence as irrelevant or of rehabilitating his client by eliciting testimony on re-direct

---

[4] The appellant cites as error the trial court's failure to caution Lisa, prior to her testifying, that she would be punished if she failed to tell the truth. This admonishment, the appellant contends, is required by HRS § 621-16 (1976) before a minor may testify. We conclude that the trial court's omission constitutes harmless error. HRPP Rule 52 (1977). Lisa was duly sworn under oath prior to testifying at trial. Upon examination of the record, we find that Lisa's testimony, viewed as a whole, amply establishes her capacity to understand the significance of the oath and to testify truthfully.

revealing that the charge was subsequently dropped. Appellant's counsel chose the latter course of action. Given the absence of a jury in the case at bar, we do not find that counsel's decision in any way impaired appellant's defense.

Fifth, appellant argues that trial counsel's failure to object to the hearsay testimony of four State witnesses compels a finding of inadequate assistance. Appellant points first to the hearsay testimony of Officer Shipes in which he repeated Lisa's version of the alleged rape.[5] Next, Detective Pocock, having interviewed Lisa's mother, Mrs. Ida Cruz, testified as to what Lisa told her about the rape incident.[6] Appellant contends that the detective's testimony constituted inadmissible double hearsay and yet was not objected to by defense counsel. Mrs. Cruz was the third witness permitted to recount unchallenged Lisa's description of the sexual assault.[7] Like Officer Shipes, she testified as to what her daughter told her shortly after the episode occurred. Lastly, Detective Abreu was allowed to recount Lisa's statements to her four days after the incident.[8]

The appellant argues that the cumulative effect of this retelling of the complainant's version of the events reinforced Lisa's credibility. Since the weighing of Lisa's credibility against his was the critical issue at trial, the appellant argues that trial counsel's failure to object to the hearsay testimony seriously prejudiced his defense.

We have examined the record and conclude that the pertinent testimony cited by appellant clearly constitutes hearsay and, in one case, double hearsay.[9] With respect to the testimony of Officer Shipes and Mrs. Cruz recounting

---

[5] Trial Transcript at 4.

[6] *Id.* at 21-23.

[7] *Id.* at 44-45.

[8] *Id.* at 93-96.

[9] *See* State v. Bannister, 60 Haw. 658, 659-60, 594 P.2d 133, 134 (1979).

statements made by Lisa shortly after the rape occurred, we note the possible applicability of the excited utterance exception to the hearsay rule.[10] We do not base our resolution of appellant's contentions of error on this ground however. We resolve the issue by finding that counsel's omissions with respect to the hearsay testimony did not substantially impair the appellant's sole plausible defense and therefore did not constitute ineffective assistance of counsel.

Our determination turns principally upon the fact that the instant case involved a jury-waived trial. As stated earlier, where a case is tried without a jury, it is presumed that the presiding judge will have disregarded the incompetent evidence and relied upon that which was competent. *Ottman v. State*, _____ Ind. at _____, 397 N.E.2d at 275-76; *State v. Brown*, _____ S.D. at _____, 285 N.W.2d at 845; McCormick, Evidence § 60 (1972); 116 A.L.R. 554 (1938). In arriving at his verdict at the close of trial, the trial judge outlined his view of the evidence and set forth the basis for his decision. He noted that the exhaustive cross-examination of the complaining witness revealed very minor, if any, inconsistencies in her testimony. On the other hand, the cross-examination of the appellant exposed very serious contradictions when compared to Detective Abreu's testimony regarding appellant's

---

[10] The excited utterance exception to the hearsay rule renders admissible statements relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. McCormick, Evidence § 297 (1972); Federal Rules of Evidence, Rule 803(2) (1979). In the instant case, the alleged rape was said to have occurred somewhere between 7:00 and 8:00 p.m. on the evening of February 14, 1976. Mrs. Cruz returned home at approximately 9:30 p.m. and Lisa immediately recounted to her the details of the incident. Mrs. Cruz testified that Lisa appeared visibly upset at the time. Officer Shipes, assigned to investigate the incident, arrived at the Cruz home at about 10:50 p.m. Upon arrival, the officer testified that Lisa seemed shaken and frightened. She managed, however, to repeat to him the details of the incident. Thus, although several hours had passed, Lisa arguably recounted her story to both her mother and Officer Shipes while still under the stress of excitement caused by the terrifying event. *See generally* Annot., *Time Element as Affecting Admissibility of Statement or Complaint Made by Victim of Sex Crime as Res Gestae, Spontaneous Exclamation, or Excited Utterance*, 89 A.L.R.3d 102 (1979).

prior out-of-court statements.[11] The record contains no evidence rebutting the presumption that the trial judge in the instant case disregarded the aforementioned hearsay testimony in reaching his verdict. Thus, the required showing of harm to appellant's defense has not been established.

The final and most troubling of appellant's cited errors accuses defense counsel of negligently eliciting testimony from a State witness, Detective Abreu, revealing that appellant had taken three separate lie detector tests all of which showed deception. The pertinent segment of defense counsel's cross-examination of Detective Lucille Abreu follows:

Q. During the course of your talk with Jimmy (the appellant) at the station, Lucille, was there any talk about, perhaps, taking a lie detector type of test?

A. He said he would be willing to take a lie detector test.

Q. Did he take one?

A. Yes, willingly.

Q. Under the usual supervision?

A. With Harry Soranaka.

Q. Anything conclusive about that test?

A. Mr. Soranaka said it definitely showed deception.

---

[11] The serious contradictions alluded to by the trial court consisted of the following:

On March 15, 1976, the appellant, after receiving proper *Miranda* warnings, submitted to questioning by Detective Abreu about the rape complaint. He admitted during the interview that he was the driver of the bus covering Route 11 on the evening of February 14, 1976. He further admitted picking up a young female passenger that evening and dropping her off somewhere on Liliha Street. The appellant stated that at the time the young girl boarded two passenger friends were already on the bus. He stated that soon after he picked up another rider. Thus, the appellant counted five persons including himself riding the bus on that particular run.

Detective Abreu later interviewed the two passenger friends named by the appellant; she testified at trial that they denied having been in the bus with the appellant at the relevant time. Further, on cross-examination at trial, the appellant himself contradicted his prior statement. He testified that he had confused dates during his interview and that he recalls having no passengers in his bus on the pertinent run.

Q. What?

A. Deception, is the word that they use. Or else he said — in addition to it, he said the tests — the three tests were dirty, meaning that there were lines of deception. It's just detective talk.

Trial Transcript at 143.

Trial counsel's elicitation of the polygraph test results on its face appears unreasonable. Detective Abreu's testimony served only to undermine appellant's credibility; no benefit to appellant's case was subsequently revealed. Moreover, it is the established rule in this State that the results of a polygraph or lie detector test are inadmissible in evidence whether offered by the prosecution or the defense. *State v. Chang,* 46 Haw. 22, 31, 374 P.2d 5, 11 (1962). Thus, any attempt by the prosecution to introduce the test results could have been successfully blocked by defense counsel's timely objection. Under these circumstances, we seriously question the reasonableness of trial counsel's decision to elicit the lie detector results.

Regardless of the reasonableness of counsel's decision, however, we find that the lie detector results elicited did not substantially impair appellant's sole defense of mistaken identity. As previously discussed, a judge is presumed to have relied only upon competent evidence introduced at trial. The record contains no indication that the trial judge here did otherwise.[12] We therefore conclude that the appellant was not denied the constitutional right to effective assistance of counsel at trial.[13]

---

[12] We do not intend to indicate that incompetent evidence erroneously admitted in a jury-waived trial could never establish defense counsel's ineffective assistance. Our holding requires, however, an affirmative showing of impairment to a defendant's potential defenses. *See* People v. Cox, 77 Ill. App.3d 59, 64, 396 N.E.2d 59, 64 (1979); *cf.* Shinn v. Edwin Lee, Ltd., 57 Haw. 215, 233, 553 P.2d 733, 745 (1976) (civil trial).

[13] In addition to alleging ineffective assistance of counsel, the appellant cites as grounds for reversal the trial court's reliance upon an improper standard in reaching its verdict. After carefully reviewing the articulated grounds for the trial court's decision, we find the appellant's contention to be without merit.

Affirmed.

*Brian M. C. Pang (Kuniyuki & Pang* of counsel) for defendant-appellant (on the appeal only).

*Arthur E. Ross,* Deputy Prosecuting Attorney, for plaintiff-appellee.