STATE OF HAWAII, Plaintiff-Appellee, *v.* CLIFFORD K. MEDEIROS, Defendant-Appellant

NO. 7603

JANUARY 12, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Clifford K. Medeiros, appellant, appeals from a judgment, following a jury verdict, convicting him of the offense of promoting prostitution in the third degree in violation of § 712-1204, *Hawaii Revised Statutes* (HRS). Several questions are raised on appeal. We find them to be without merit with the exception of the claim of prosecutorial misconduct at trial. We hold there was such misconduct and reverse for a new trial.

The amended charge below read:

On or about the 3d day of May, 1979, in the City and County of Honolulu, State of Hawaii, CLIFFORD K. MEDEIROS did knowingly advance or profit from prostitution, thereby committing the offense of Promoting Prostitution in the Third Degree in violation of Section 712-1204 of the Hawaii Revised Statutes.

At trial when appellant took the stand, the prosecutor established that appellant was the owner of a bar called the Shanty Bar located at 1168 Smith Street in downtown Honolulu run by appellant's wife Ericka. The following then took place during the cross-examination at page 67 of the transcript:

Q. Frequented by Negro pimps and prostitutes, isn't it?

A. You know, I hate to answer something like that because I don't think it warrants something like that, sir.

Q. You don't think it has that kind of reputation?

.    .    .    .

Q. Sir, does your wife have a police record?

A. Well, assault and battery, yes.

Q. Does she have a prostitution rap?

A. That, I wouldn't know.

Q. And you're married to a woman for many years?

A. Correct. Thirty years.

Q. And you don't know whether she has a prostitution record?

. . . .

Considering that the charge was promoting prostitution, the portion of the cross-examination quoted above, was prosecutorial misconduct of the most blatant kind of violated the appellant's right under the State and Federal Constitutions to a fair trial. Given the charge, it could not help but be extremely prejudicial and it clearly was not relevant to any issue in the case. Under our legal system, the implication of guilt by association is not and has never been recognized as a tactic available to the prosecution.

The State argues that no objection was made to the prosecution's questions nor was any motion for mistrial or to strike made. This is so, but the prosecutor's conduct was so heinous that the failure by appellant's counsel to object to the questions or to move for a mistrial or to strike clearly establishes that appellant lacked the effective assistance of counsel at trial. As the Supreme Court of Hawaii recently said in *State v. Antone*, 62 Haw. 346, 348, 615 P.2d 101, 104 (1980):

> The standard for determining the adequacy of counsel's representation is whether, viewed as a whole, the assistance provided is "within the range of competence demanded of attorneys in criminal cases."

The failure to object or move in this case was not within that range.

Accordingly, the judgment is reversed and the case is remanded for a new trial.

*Joseph A. Ryan (Ryan & Ryan* of counsel) for appellant.

*Arthur E. Ross*, Deputy Prosecuting Attorney, for appellee.