EARLY ALEXANDER, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee.
No. 28720.
Intermediate Court of Appeals of Hawaii.
November 28, 2008.
On the briefs:
Early Alexander, Petitioner-Appellant pro se.
James M. Anderson, Deputy Prosecuting Attorney, City and County of Honolulu, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER

NOT FOR PUBLICATION
RECKTENWALD, C.J., FOLEY and NAKAMURA, JJ.
Petitioner-Appellant Early Alexander (Alexander or Petitioner)[1] appeals from the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing (Order) filed on August 2, 2007 in the Circuit Court of the First Circuit (circuit court).[2] Alexander filed his Verified Petition for Post-Conviction Relief (Rule 40 Petition) on March 5, 2007 pursuant to Hawai`i Rules of Penal Procedure (HRPP) Rule 40.
In the underlying criminal case, Alexander pled guilty to Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (1993 & Supp. 2001), and Theft in the Fourth Degree, in violation of HRS § 708-833(1) (1993). Deputy Public Defender Jerrold Yashiro (Yashiro) represented Alexander during the plea proceedings, and the Honorable John S.W. Lim (Judge Lim) accepted Alexander's plea. The circuit court subsequently revoked Alexander's probation and resentenced Alexander to five years of incarceration. Alexander did not appeal his conviction or revocation and resentencing.
In his Rule 40 Petition, Alexander alleged (1) "conviction unconstitutional for being based upon lack of actual evidence," (2) "conviction unconstitutional, based upon coerced plea via judicial misconduct and ineffective assistance of counsel," (3) "conviction unconstitutional as Petitioner received ineffective assistance of counsel," (4) "conviction obtained by use of alleged evidence obtained through unconstitutional search and seizure," and (5) "conviction unconstitutional for being based upon actual injury resulting from deliberate indifference of Judge [Lim], [Yashiro], and the prosecutor to the Constitutional rights of Petitioner."
On appeal, Alexander contends the circuit court erred by (1) denying his Rule 40 Petition without a hearing because he stated a colorable claim, (2) determining that there was not a lack of actual evidence and that there was a factual basis for the change of plea, (3) determining that Alexander's plea was not coerced, and (4) determining that Alexander did not have ineffective assistance of counsel.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Alexander's appeal is without merit.
(1) As discussed below, Alexander did not state a colorable claim, therefore the circuit court did not err by denying his Petition without a hearing. HRPP Rule 40(f); Dan v. State, 76 Hawai`i 423, 427, 879 P.2d 528, 532 (1994).
(2) In his plea agreement, Alexander admitted that he possessed cocaine and he took property from a 7-11 without permission. Therefore, there was a factual basis for Alexander to change his plea to guilty. The circuit court did not err by finding that there was a factual basis for Alexander to change his plea.
(3) Alexander's third point of error, that his plea was coerced, is without merit. In his plea agreement, Alexander admitted that "I am pleading of my own free will. No one is putting any kind of pressure on me or threatening me or anyone close to me." There is no transcript of Alexander's colloquy with the circuit court when he entered his guilty plea. If the transcript could prove that Alexander was coerced when entering his guilty plea, Alexander failed to carry his burden by failing to make the transcript a part of the record on appeal.
The only transcript in the record on appeal is a copy of a hearing on March 15, 1999, at which Judge Lim posed a hypothetical situation in order to explain to Alexander his right to effective assistance of counsel. Judge Lim did not state that there was no evidence against Alexander. There was no judicial misconduct.
(4) Alexander's fourth point of error, that he received ineffective assistance of counsel, is without merit. In his guilty plea, Alexander admitted that he possessed cocaine and that he had no complaint about his lawyer. Alexander has not met his burden that he was provided ineffective assistance of counsel. State v. Antone, 62 Haw. 346, 348-49, 615 P.2d 101, 104 (1980).
Therefore,
IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing filed on August 2, 2007 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] Alexander was also known as Alexander Early.
[2] The Honorable Steven S. Alm presided.