STATE OF HAWAI`I, Plaintiff-Appellee,
v.
BILL A. JACOBSON, Defendant-Appellant
No. 28863
Intermediate Court of Appeals of Hawaii.
April 13, 2009.
On the briefs:
David J. Peterson, (Ranken & Drewyer), for Defendant-Appellant.
Richard K. Minatoya, Deputy Prosecuting Attorney, County of Maui, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and LEONARD, JJ.
Defendant-Appellant Bill A. Jacobson appeals from the Judgment entered on October 25, 2007,[1] in the District Court of the Second Circuit (district court).[2]
After a bench trial on August 29, 2007, Jacobson was convicted of Theft in the Fourth Degree, in violation of Hawaii Revised Stautes § 708-833(1) (1993).
On appeal, Jacobson contends that (1) the district court erred by failing to continue the trial, and (2) Jacobson was provided with ineffective assistance of trial counsel.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Jacobson's points of error as follows:
(1) The district court did not abuse its discretion by denying Jacobson's request for a continuance to obtain a videotape and the presence of a potential witness. The record indicates that the videotape had already been purged. Moreover, Jacobson has failed to establish that the denial of his request materially prejudiced him.[3] State v. Lee, 9 Haw. App. 600, 604, 856 P.2d 1279, 1282 (1993) (in moving for a continuance to secure the presence of a potential witness, the movant must show that "due diligence has been exercised to obtain the attendance of the witness, that substantial favorable evidence would be tendered by the witness, that the witness is available and willing to testify, and that the denial of the continuance would materially prejudice the defendant") (citations omitted).
We also conclude that the district court did not abuse its discretion by failing to sua sponte grant a continuance on the ground that trial counsel was unprepared.
(2) Even assuming arguendo that the performance of Jacobson's trial counsel was outside "the range of competence demanded of attorneys in criminal cases," State v. Antone, 62 Haw. 346, 348, 615 P.2d 101, 104 (1980) (citations omitted), Jacobson has failed to demonstrate that his counsel's conduct "resulted in either withdrawal or substantial impairment of a potentially meritorious defense," id. at 348-49, 615 P.2d at 104 (citations omitted).
Therefore, the October 25, 2007, Judgment, entered in the District Court of the Second Circuit, is affirmed.
NOTES
[1] Jacobson was found guilty on August 29, 2007, and the original judgment sentencing him was filed on October 25, 2007. An amended judgment was filed on February 13, 2009. A second amended judgment was filed February 20, 2009, nunc pro tunc to October 25, 2007.
[2] The Honorable Douglas H. Ige presided.
[3] Although the district court noted that there was no return of service on the subpoena for the witness, a copy of the subpoena in the record appears to indicate that service was effected on August 27, 2007, prior to the trial. Nevertheless, this fact does not materially alter our analysis, since Jacobson has failed to establish that the denial of the continuance materially prejudiced him.