CARL HOFF, Petitioner-Appellant,
v.
STATE OF HAWAI`I, Respondent-Appellee.
No. 29189.
Intermediate Court of Appeals of Hawaii.
May 11, 2009.
On the briefs:
Carl Hoff, Petitioner-Appellant Pro Se.
Loren J. Thomas, Deputy Prosecuting Attorney, City and County of Honolulu, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, Chief Judge, NAKAMURA, and LEONARD, JJ.
Petitioner-Appellant Carl Hoff (Hoff), pro se, appeals from the "Order Denying Petition to Vacate, Set Aside or Correct Judgment or To Release Petitioner Carl Hoff from Custody, Filed February 12, 2008" (Order Denying Petition) entered by the Circuit Court of the First Circuit (circuit court)[1] on April 25, 2008. We affirm.
Hoff was convicted of first-degree sexual assault based on evidence that he sexually assaulted the complaining witness (CW), who was eight years old. Hoff was sentenced to twenty years of imprisonment.
On direct appeal, Hoff raised the following issues: 1) the prosecutor's remarks in closing argument that Hoff was the only person with an interest in the case and a motive to lie infringed on Hoff's right to testify in his own defense; and 2) the trial court erred in permitting the CW's mother to testify about behavioral changes she noticed in the CW immediately after the alleged sexual assault. In a Summary Disposition Order issued on March 15, 2006, this court affirmed Hoff's conviction and sentence. State v. Hoff, No. 26511, 2006 WL 650195 (Hawai`i App. March 15, 2006).
On February 12, 2008, Hoff filed a Petition for Post-Conviction Relief pursuant to Hawai`i Rules of Penal Procedure (HRPP) Rule 40 (Rule 40 Petition) that is at issue in this appeal. Hoff's Rule 40 Petition asserted five grounds for relief. Hoff alleged that his conviction was illegally obtained because: 1) there was no physical evidence or substantial evidence to support his first-degree sexual assault conviction; 2) the prosecutor's remarks in closing argument that Hoff was a liar infringed on Hoff's right to testify in his own defense; 3) the trial court improperly allowed testimony regarding the CW!s behavioral change without proper foundation and claimed it to be credible; 4) the trial court improperly allowed the use of an inflammatory photograph as evidence at trial; and 5) Hoff's trial counsel provided ineffective assistance. The circuit court denied Hoff's Rule 40 Petition, concluding that: 1) Grounds 1 through 4 had previously been ruled upon or were waived; and 2) the allegations Hoff raised in Ground 5 failed to show a colorable claim of ineffective assistance of trial counsel.

I.
In this appeal, Hoff contends that the circuit court erred in rejecting his grounds for relief and denying his Rule 40 Petition without a hearing. We disagree.

A.
The circuit court properly concluded that Grounds 1 through 4 of Hoff's Rule 40 Petition had previously been ruled upon or were waived. HRPP Rule 40(a)(3). Hoff raised Grounds 2 and 3 on direct appeal, and they were rejected by this court. Hoff waived Grounds 1 and 4 by failing to raise them on direct appeal and by failing to show the existence of extraordinary circumstances justifying his failure to raise these grounds on direct appeal. See HRPP Rule 40(a)(3); Stanley v. State, 76 Hawai`i 446, 450-51, 879 P.2d 551, 555-56 (1994).
To the extent that Hoff contends that his failure to raise Grounds 1 and 4 on direct appeal was due to the ineffective assistance of his appellate counsel, we reject that contention.[2] Ground 1 was without merit. The CW testified that Hoff had sexually abused the CW, and this testimony constituted sufficient evidence to support Hoff's conviction. Physical evidence that the CW had suffered injury to his rectal area was not necessary to establish Hoff's guilt.
Ground 4 was also without merit. Hoff provided no basis for concluding that the trial court abused its discretion in permitting the prosecution to use a photograph, which was not admitted in evidence, as a demonstrative exhibit. See Lau v. Allied Wholesale, Inc., 82 Hawai`i 428, 435, 922 P.2d 1041, 1048 (App. 1996) ("Generally, the decision to admit various types of demonstrative evidence is left to the discretion of the trial court."); United States v. Aldaco, 201 F.3d 979, 986 (7th Cir. 2000). The CW testified at trial that the photograph depicted an object that "looked like" the object Hoff had inserted in the CW's anus. Because neither Ground 1 nor Ground 4 raised a trial error resulting in the withdrawal or substantial impairment of a potentially meritorious defense, appellate counsel was not ineffective for failing to raise these grounds on appeal. See Briones v. State, 74 Haw. 442, 465-67, 848 P.2d 966, 977-78 (1993).

B.
The circuit court properly concluded that the allegations Hoff raised in Ground 5 failed to show a colorable claim of ineffective assistance of trial counsel. See Dan v. State, 76 Hawai`i 423, 427, 879 P.2d 528, 532 (1994) (concluding that it is not error to deny an HRPP Rule 4 0 petition without a hearing where the petition fails to state a colorable claim). Hoff claims that his trial counsel was ineffective because counsel: 1) failed to investigate the truth and failed to interview or cross-examine the CW; 2) did not believe in Hoff's innocence; and 3) did not exercise due diligence in negotiating a reasonable plea agreement with the prosecution. These claims are without merit.
Hoff's assertion that his trial counsel failed to investigate the truth was not supported by any specific allegations regarding what trial counsel did or failed to do or how any alleged failures to investigate resulted in the withdrawal or substantial impairment of a potentially meritorious defense. Hoff provided no basis for believing that the CW was available for interview by the defense. Moreover, contrary to Hoff's claim, the record shows that Hoff's counsel did in fact cross-examine the CW at trial and used the CW's prior statement to impeach the CW. Thus, the circuit court properly rejected Hoff's claim that his trial counsel was ineffective for failing to investigate the truth and failing to interview or cross-examine the CW.
The circuit court properly rejected Hoff's claim that his trial counsel's purported lack of belief in Hoff!s innocence constituted ineffective assistance of counsel. Hoff failed to show that trial counsel's purported lack of belief in Hoff's innocence resulted in counsel's failure to provide competent representation. See State v. Antone, 62 Haw. 346, 348, 615 P.2d 101, 104 (1980).
The circuit court properly rejected Hoff's claim that his counsel did not exercise due diligence in negotiating a reasonable plea agreement with the prosecution. The record shows that Hoff's counsel did in fact timely submit to the prosecution a proposal to have Hoff plead no contest to the reduced charge of second-degree sexual assault. Hoff's trial counsel cannot be faulted for the prosecution's decision to reject that plea proposal.

II.
We affirm the Order Denying Petition filed by the circuit court on April 25, 2008.
NOTES
[1] The Honorable Richard W. Pollack presided.
[2] Hoff was represented by the Office of the Public Defender both at trial and on direct appeal.