STATE OF HAWAI`I, Plaintiff-Appellee,
v.
AUSTIN C. TENGBERGEN, Defendant-Appellant
No. 29302
Intermediate Court of Appeals of Hawaii.
October 29, 2009.
On the briefs:
Dean K. Young, for Defendant-Appellant
Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Chief Judge, WATANABE and LEONARD, JJ.
Defendant-Appellant Austin Tengbergen (Tengbergen) appeals the Judgment filed on July 15, 2008, in the Circuit Court of the First Circuit (Circuit Court),[1] convicting him of Unauthorized Entry Into Motor Vehicle in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 708-836.5 (Supp. 2007).
Tengbergen raises the following points of error on appeal: (1) trial counsel's raising of a "diminished-capacity" defense, which is not recognized under Hawaii law, constituted ineffective assistance of counsel; (2) if the appellate court finds that trial counsel was not ineffective "and/or" did not raise a diminished-capacity defense, then the Circuit Court erred in refusing to instruct the jury on the reckless state of mind; and (3) the Circuit Court erred in denying Tengbergen's motion for judgment of acquittal because Tengbergen acted at best recklessly as to his entry of Richard Walker's (Walker's) motor vehicle by punching him in the face through the open window.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tengbergen's points of error as follows:
(1) Although defense counsel initially misstated that he was arguing for a diminished-capacity defense, he corrected himself by stating he was arguing that Tengbergen had a reckless state of mind and, therefore, did not have the requisite intentional or knowing state of mind under HRS § 708-836.5. Had Tengbergen persuaded the jury that he only acted recklessly, and not intentionally or knowingly, trial counsel's strategy would have been successful. Thus, counsel pursued an objectively reasonable strategy, which did not constitute ineffective assistance of counsel, and pursued the potentially meritorious defense of lack of the requisite state of mind, notwithstanding the preliminary misstatement of the defense. See State v. Antone, 62 Haw. 346, 348, 615 P.2d 101, 104 (1980) (two-part test for ineffective assistance of counsel requires a defendant to show (1) specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence and (2) that these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense).
Although not raised as a separate point of error, Tengbergen argues that defense counsel's representation was constitutionally infirm because counsel elicited testimony that Tengbergen was acting "out of control" at the time of the incident and had prior incidents in which he got into physical altercations due to his inability to control his anger. With hindsight, we can see that counsel's strategy was unsuccessful. However, in light of the ample testimony establishing that Tengbergen got out of his car at a red light and walked over to Walker's car and punched him in the face through Walker's open driver's side window, counsel's attempts to elicit testimony that Tengbergen was just not thinking, acting irrationally, and not acting knowingly or intentionally, was within the range of competence demanded by attorneys in criminal cases. See Briones v. State, 74 Haw. 442, 463, 848 P.2d 966, 977 (1993).
(2) We reject Tengbergen's argument that the Circuit Court erred in refusing to instruct the jury on the definition of a reckless state of mind. The jury was properly instructed that, inter alia, every material element of the charged offense must be proven by the prosecution beyond a reasonable doubt, including that Tengbergen unlawfully entered into a motor vehicle and that he did so intentionally or knowingly. The jury was instructed on the definition of "intentionally" and "knowingly." Even assuming arguendo that a jury instruction regarding recklessness was required, any error in failing to instruct the jury was harmless because the jury found Tengbergen guilty of an offense which required a greater state of mind than the state of mind omitted from the instructions. Cf. State v. Haanio, 94 Hawai`i 405, 415-16, 16 P.3d 246, 256-57 (2001) (failure to give an included offense instruction is harmless error when the jury convicts defendant of the charged offense).
(3) Viewing the evidence in the light most favorable to the prosecution, there was substantial, credible evidence on each element of the offense of Unauthorized Entry Into Motor Vehicle in the First Degree to support the jury's guilty verdict, including that Tengbergen acted intentionally or knowingly. The undisputed testimony demonstrated that, on May 19, 2006, Tengbergen exited his vehicle at a red light, walked over to the driver's side of Walker's vehicle, and punched Walker in the face through the car window. With regards to state of mind, the Supreme Court of Hawaii has stated that "given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." State v. Batson, 73 Haw. 236, 238, 831 P.2d 924, 926 (1992). Thus, the "mind of an alleged offender can be read from his acts, conduct, and inferences fairly drawn from all the circumstances." Id. It can be inferred from the evidence presented in this case that Tengbergen had the conscious object to unlawfully enter Walker's car.
For these reasons, we affirm the Circuit Court's July 15, 2008 Judgment.
NOTES
[1] The Honorable Steven S. Alm presided.