**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000474
26-SEP-2025
07:58 AM
Dkt. 34 SO**

NO. CAAP-23-0000474

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
PUALANI K. DOMINGO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-23-0001790)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, and Wadsworth and Guidry, JJ.)

Defendant-Appellant Pualani K. Domingo (**Domingo**) appeals from the Notice of Entry of Judgment and/or Order (**Judgment**) entered on August 1, 2023, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Following a bench trial, Domingo was convicted of Criminal Property Damage in the Fourth Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-823(1).[2] The charge stemmed from an incident in which Pualani allegedly shook a bus stop sign, causing it to detach from its base and fall to the ground.

On appeal, Domingo contends that: (1) the District Court erred by admitting into evidence hearsay regarding the alleged damage to property; and (2) insufficient evidence was

---

[1] The Honorable Denise K.H. Kawatachi presided.

[2] HRS § 708-823 (2014) provides, in relevant part:

(1) A person commits the offense of criminal property damage in the fourth degree if by means other than fire, the person intentionally or knowingly damages the property of another without the other's consent.

adduced at trial to prove that property was damaged.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Domingo's contentions as follows, and affirm.

(1) Domingo contends that the District Court improperly admitted the following testimony by prosecution witness Brian Nakagawa (**Nakagawa**) over Domingo's hearsay objection:

> Q. [BY DEPUTY PROSECUTING ATTORNEY (**DPA**)]  Okay.  And how did you get the estimate for the cost of repair?
>
> A. [BY NAKAGAWA]  <u>From our garage and</u> --
>
> Q. All right.
>
> A. -- <u>our work crew</u>.
>
> Q. Okay.  Is that the standard procedure?
>
> A. Yes.
>
> Q. Okay.  And was --
>
> A. Every incident got to be called in.
>
> Q. Okay.  What was the amount -- the estimated amount of cost of repair?
>
> [DEFENSE COUNSEL]:  We object, Judge. Hearsay.
>
> [NAKAGAWA]:  $500.
>
> THE COURT:  Oh.  Overruled.  Okay.  I'm going to allow -- I'm going to overrule.  He can testify with regard to his personal knowledge.
>
> Q. (BY [DPA]) Okay.  What was the cost of repair?
>
> A. [BY NAKAGAWA] $500.

(Emphasis added.)

Hawaiʻi Rules of Evidence (**HRE**) Rule 801 (2016) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Hearsay is generally not admissible.  HRE Rule 802 (2016).

Here, Nakagawa's testimony regarding the estimated cost to repair the sign appears to be based on an out-of-court statement made by "our garage . . . and work crew."  The State contends, however, that Nakagawa's testimony was not offered to prove the truth of the matter asserted, but was a statement of

"independent legal significance." Specifically, the State claims the testimony was not offered to prove the estimate amount, but "to show that the 'garage and . . . work crew' had given Nakagawa an estimate for the cost of repair."

The State's argument is unpersuasive. To establish that Domingo committed Criminal Property Damage in the Fourth Degree, the State was required to prove that Domingo, by shaking the sign, intentionally or knowingly damaged the property of the City and County of Honolulu without its consent. See HRS § 708-823(1). In this context, the State does not explain why Nakagawa's receipt of a repair cost estimate has independent legal significance. Morever, in its closing argument, the State argued that Domingo damaged the sign, "[a]nd there was a monetary value on the amount of damage." In other words, the repair cost estimate was offered to prove its truth. It was inadmissible hearsay.

The State argues that even if it was error to admit this evidence, the error was harmless beyond a reasonable doubt. See State v. Jones, 148 Hawaiʻi 152, 170, 468 P.3d 166, 184 (2020) ("Erroneously admitted evidence is evaluated under the harmless beyond a reasonable doubt standard." (quoting State v. Matsumoto, 145 Hawaiʻi 313, 327, 452 P.3d 310, 324 (2019)) (internal quotation marks omitted)).

Having reviewed the error in light of the entire record, we reach the same conclusion. To establish the offense, the State was required to prove, among other things, that Domingo damaged the sign. See supra. It was not required to prove the dollar value of the damage. See State v. Yamura, No. CAAP-13-0001578, 2014 WL 2440144, at *1 (Haw. App. May 29, 2014) (SDO) ("[N]either permanent damage nor the value of the property damage are elements that must be proven in order to convict under HRS § 708-823."). At trial, Elmer Ranit, who witnessed the incident, testified that he saw Domingo shake the sign pole "[a]bout three times" for "[a]bout two, three minutes[,]" while she "ke[pt] on screaming." When Domingo shook the sign the third time, it fell. Ranit identified State's Exhibit 2 as a photograph depicting the detached base of the pole that was on the ground after the sign

fell.  In addition, Nakagawa testified that he saw the damaged sign when he arrived at the scene.  He identified State's Exhibit 2 as depicting "the base and the bus stop stand detached."  Thus, the alleged property damage was established through proof independent of the repair cost estimate, and there is no indication that the District Court relied on the estimate in convicting Domingo.[3/]  See State v. Kiese, 126 Hawaiʻi 494, 507, 273 P.3d 1180, 1193 (2012) ("[W]here a case is tried without a jury, it is presumed that the presiding judge will have disregarded the incompetent evidence and relied upon that which was competent." (quoting State v. Antone, 62 Haw. 346, 355, 615 P.2d 101, 108 (1980)) (internal quotation marks omitted)).

Considering the entire record, we conclude there is no reasonable possibility that the admission of the repair cost estimate contributed to Domingo's conviction.  Accordingly, the Circuit Court's error in admitting the testimony regarding the estimate was harmless beyond a reasonable doubt.

(2) Domingo contends that "[w]ithout Nakagawa's hearsay testimony, there was no proof of the value of damage, nor was there any proof that the property was in fact damaged."

We review the sufficiency of the evidence based on admissible evidence; in other words, we must review the remaining evidence without considering Nakagawa's hearsay testimony.  See State v. Wallace, 80 Hawaiʻi 382, 413-15, 910 P.2d 695, 726-28 (1996) (holding that review for evidentiary sufficiency is based on "substantial and admissible evidence").  The remaining evidence must be considered in the "strongest light for the prosecution," and the "test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was

---

[3/]    In rendering its decision, the District Court stated:

So based on the evidence that was admitted and the testimony of the witnesses, which included the testimony of Mr. Ranit and Mr. Nakagawa, the Court did find especially persuasive Mr. Ranit's testimony as well as Mr. Nakagawa's testimony.

Mr. Ranit did testify that he observed Ms. Domingo shaking the pole about three times.  Each time she was shaking the pole approximately two to three minutes.  Mr. Nakagawa testified that the next day the crew went out to repair the sign, and he did go to the scene of the offense.

substantial evidence to support the conclusion of the trier of fact." State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).

As discussed above, the State was required to prove that Domingo damaged the sign, not the value of the damage. As further discussed above, independent proof at trial established the fact that Domingo damaged the sign. In particular, Ranit testified that he saw the sign fall to the ground after Domingo repeatedly shook the sign pole. Ranit and Nakagawa also identified photographs depicting the damaged sign, which were received into evidence without objection. Viewing the admissible evidence in the light most favorable to the prosecution, we conclude there was substantial evidence to support the District Court's determination that Domingo damaged the sign.

For these reasons, we affirm the Notice of Entry of Judgment and/or Order entered on August 1, 2023, in the District Court of the First Circuit, Honolulu Division.

DATED: Honolulu, Hawaiʻi, September 26, 2025.

On the briefs:

Walter J. Rodby
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge