STATE OF HAWAII, Plaintiff-Appellee *v.* JAMES WALTER ERWIN, Defendant-Appellant

NO. 5859

SEPTEMBER 21, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* Defendant was charged with promoting a detrimental drug in the first degree. Counsel was appointed for defendant upon the ground that he was financially unable to obtain private counsel. A plea of guilty to the reduced charge of promoting a detrimental drug in the second degree was accepted by the court, and defendant was sentenced to imprisonment for one year, of which nine months was suspended. The judgment was filed on February 14, 1975, and contained the recital: "Appeal noted." Mittimus and a bench warrant were issued on February 25, 1975, at which time no

notice of appeal or other pleading had been filed by defendant since entry of the judgment. Later on February 25, 1975, defendant's counsel filed a motion to enlarge time to appeal, accompanied by his affidavit stating that he had been awaiting the entry of the judgment to perfect an appeal but had not seen a copy of the judgment until February 24, 1975, at which time he did not realize that it was the last day to file a notice of appeal. A motion for leave to appeal in forma pauperis was filed on the same day. The motion to enlarge time to appeal was denied. No action appears to have been taken on the motion for leave to appeal in forma pauperis. A notice of appeal was filed on March 10, 1975.

The State has moved to dismiss the appeal as not timely. We agree that a notice of appeal complying with Rule 37(b), H.R.Cr.P., was not filed within the ten-day period prescribed by Rule 37(c). The motion for leave to appeal in forma pauperis and the motion to enlarge time for filing notice of appeal, both of which were filed on the 11th day after entry of the judgment, fulfilled the requirements of the form of a notice of appeal as stated in *Kalauli v. Lum,* 57 Haw. 168, 552 P.2d 355 (1976), and would constitute notices of appeal for the purposes of Rule 37(b). However, the filing on February 25, 1975, did not comply with Rule 37(c).

No provision is made in Rule 37 for an extension of time to appeal in a criminal case. Timely filing of a notice of appeal has been held to be a jurisdictional requirement. *State* v. *Dawson,* 54 Haw. 400, 507 P.2d 723 (1973). Where notice of entry of the judgment was not given as required by the court rules, and counsel did not have knowledge of its entry until after expiration of the ten-day period, we have held that a notice of appeal filed promptly after counsel learned of the entry of the judgment was timely. *State* v. *Delaney,* 56 Haw. 444, 540 P.2d 61 (1975). However, defendant cannot rely on that decision here, since his counsel confessedly had knowledge of the entry of the judgment on the last day of the ten-day period, whatever defects there may have been in giving notice of the entry. The recital in the judgment of the oral notation of an appeal does not comply with the formal

requirements of Rule 37(c). It is inescapable that timely filing of the notice of appeal did not take place.

On the other hand, it is clear that an indigent criminal defendant is entitled, on his first appeal, to court-appointed counsel who may not deprive him of his appeal by electing to forego compliance with procedural rules. *Entsminger v. Iowa*, 386 U.S. 748 (1966). It has been said that failure by appointed counsel "to commence the simple steps for appeal is a blatant denial of due process". *Blanchard v. Brewer*, 429 F.2d 89 (8th Cir. 1970). In *Re Edward J. Carvelo*, 44 Haw. 31, 352 P.2d 616 (1959), we held that the refusal of court-appointed counsel to take an appeal for an indigent criminal defendant, and his permitting the time for taking the appeal to expire, did not foreclose the right of the defendant to present a motion for leave to appeal in forma pauperis and to perfect his appeal after the granting of the motion.

Defendant's motion for leave to appeal in forma pauperis, while apparently not dealt with by the trial court, appears to have been well founded, subject only to the question whether the appeal may be frivolous. In the present posture of this case, we can best deal with that question by denying the motion to dismiss the appeal and proceeding to consideration of the merits.

The motion to dismiss the appeal is denied.

*Dale W. Lee*, Deputy Prosecuting Attorney, for Plaintiff-Appellee, for the motion.

*Marcia J. Waldorf*, Deputy Public Defender, for Defendant-Appellant, contra.