**\*\* NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND THE PACIFIC REPORTER \*\***

**Electronically Filed
Supreme Court
SCWC-14-0001105
21-FEB-2018
02:50 PM**

SCWC-14-0001105

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

STATE OF HAWAIʻI, Respondent/Plaintiff-Appellee,

vs.

JAMES MCDANIEL, Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0001105; CR. NO. 13-1-0755(1))

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Defendant-Appellant James McDaniel challenges the Intermediate Court of Appeals' ("ICA") order dismissing his appeal for lack of appellate jurisdiction.

On October 16, 2013, McDaniel was charged by felony information in the Circuit Court of the Second Circuit ("circuit court") with three counts of theft in the second degree. McDaniel pleaded no contest to count one in exchange for the State's agreement to dismiss counts two and three. McDaniel was represented by court-appointed counsel Cary Virtue. On June 18, 2014, the circuit court entered a judgment of conviction and probation sentence adjudging McDaniel guilty of one count of

theft in the second degree.[1] McDaniel was sentenced to four years of probation with special conditions, including one day of imprisonment, restitution, and community service.

On September 5, 2014, McDaniel, pro se, filed a notice of appeal from the judgment of conviction and probation sentence, along with an ex parte motion for extension of time to file the notice of appeal, which the circuit court granted. The State contested jurisdiction, arguing that McDaniel's appeal was untimely under Hawai'i Rules of Appellate Procedure ("HRAP") Rule 4(b) (2012). On March 16, 2015, pursuant to an order to show cause issued by the ICA directing Virtue to respond, Virtue filed a declaration, stating inter alia that he received a copy of the judgment and sentence, that McDaniel did not ask him to file an appeal, and that McDaniel never called, wrote, or communicated a desire to appeal the sentence. Following a temporary remand to the circuit court requested by Virtue to hear and determine a motion for withdrawal and substitution of counsel,[2] the ICA entered an order dismissing the appeal without prejudice for lack of jurisdiction. The ICA determined that McDaniel's appeal, which was filed outside of the required

---

[1] The Honorable Rhonda I. L. Loo presided.

[2] On remand, Virtue filed a motion to withdraw as counsel and to appoint appellate counsel, which the circuit court granted. The court subsequently appointed Matthew Kohm to represent McDaniel on appeal.

thirty-day period, did not fall within a recognized exception to the general requirement that the notice of appeal be timely filed.  The ICA reasoned that McDaniel did not request that counsel bring an appeal on his behalf, adding that McDaniel "failed to even allege he communicated his desire to appeal to counsel. . . ."

In his application, McDaniel presents one question for review: whether an untimely appeal should be excused where the record indicates that court-appointed counsel failed to counsel an indigent defendant about his right to appeal or communicate with the defendant after receiving a filed copy of the judgment of conviction.

While HRAP Rule 4(b) provides that a notice of appeal in a criminal case "shall be filed within 30 days after entry of the judgment or order appealed from" or within a timely extended thirty-day period, "courts may permit an untimely appeal when 'defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction'" in the first instance.  Maddox v. State, 141 Hawai'i 196, 205, 407 P.3d 152, 161 (2017) (quoting State v. Knight, 80 Hawai'i 318, 323, 909 P.2d 1133, 1138 (1996)).  In Maddox, we stated that defense counsel in a criminal case has a duty "to consult with a defendant following a final order or judgment to determine

3

whether the defendant wishes to appeal, as well as a duty to diligently fulfill the procedural requirements of appeal if the defendant elects to appeal."  141 Hawaiʻi at 203, 407 P.3d at 159.  Pursuant to Maddox, although McDaniel's appeal was not filed within the prescribed time period, the record does not demonstrate that Virtue consulted with McDaniel to determine whether McDaniel wished to appeal.  Inasmuch as McDaniel "is entitled, on his first appeal, to court-appointed counsel who may not deprive him of his appeal by electing to forego compliance with procedural rules," id. (emphasis omitted) (quoting State v. Erwin, 57 Haw. 268, 270, 554 P.2d 236, 238 (2976)), the ICA has jurisdiction to consider McDaniel's appeal.

IT IS HEREBY ORDERED that the ICA's September 29, 2017 order dismissing the appeal for lack of jurisdiction is vacated, and the case is remanded to the ICA for further proceedings.

DATED: Honolulu, Hawaiʻi, February 21, 2018.

| | |
|---|---|
| Matthew S. Kohm | /s/ Mark E. Recktenwald |
| for petitioner | |
| | /s/ Paula A. Nakayama |
| Richard K. Minatoya | |
| for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |



4